ROBERT WISNIEWSKI
ROBERT WISNIEWSKI P.C.
17 State Street, Suite 820
New York, New York 10004
(212) 267-2101
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------X

MARIA BEATRIZ SIGUENCIA, CARLOS BENITO PINA,
SLAWOMIR WARIAS, TADEUSZ SOKOLOWSKI,
GRZEGORZ LIGEZKA, LUIS BERMEO MOROCHO and
MARIO TENECORA QUINTUNA, on behalf of themselves
and on behalf of all others similarly situated,

                              Plaintiffs,            **Docket No.:**

     -against-                          **JURY TRIAL**
                                        **DEMANDED**

MIKOMA CONSTRUCTION LLC, MIKOMA
ELECTRIC LLC, MIKOMA TECHNOLOGY
OF POWER AND LIGHTS WIRING AND
CONTROL LIMITED LIABILITY PARTNERSHIP,
MARCIN OKLA, and MILENA KOSZALKA,

                              Defendants.

---------------------------------------------------------------------------X

## <u>COMPLAINT</u>

Plaintiffs Maria Beatriz Siguencia ("Siguencia"), Carlos Benito Pina ("Pina"), Slawomir Warias ("Warias"), Tadeusz Sokolowski ("Sokolowski"), Grzegorz Ligezka ("Ligezka"), Luis Bermeo Morocho ("Morocho") and Mario Tenecora Quintuna ("Quintuna"), on behalf of themselves and on behalf of all others similarly situated, by their attorneys, Robert Wisniewski P.C., as and for their Complaint against Defendants Mikoma Construction LLC ("Mikoma Construction"), Mikoma Electric LLC ("Mikoma Electric"), and Mikoma Technology of Power and Lights and Lights Wiring and Control Limited Liability Partnership ("Mikoma LLP") (collectively, the "Corporate Defendants"), Marcin Okla ("Okla") and Milena Koszalka

("Koszalka") (collectively, the "Individual Defendants") (the Corporate Defendants and the Individual Defendants are collectively referred to as "Defendants"), state as follows:

## NATURE OF THE ACTION

1.      Plaintiffs bring this action on behalf of themselves and others similarly situated to recover unpaid wages, overtime wages, liquidated damages, interest and reasonable attorneys' fees and costs under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the various wage orders promulgated thereunder by the U.S. Department of Labor and codified at 29 C.F.R. § 500 *et seq.* ("FLSA"), and Articles 6 and 19 of the New York Labor Law and the various wage orders promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R. §§ 135-146 ("NYLL").

2.      Plaintiffs and others similarly situated also bring this action against Defendants on behalf of themselves and on behalf of all others similarly situated for Defendants' failure to comply with the NYLL §§ 195.1 and 195.3, which mandate that employers, Defendants included, provide their employees with a wage notice at the time of hire and every time the wage rate changes and with accurate wage statements with every payment of wages. Plaintiffs and others similarly situated seek statutory damages for each work day and work week that the violations occurred as the case may be per employee, as well as other damages and attorney fees and costs and disbursements.

3.      Plaintiffs and others similarly situated worked as electricians and electricians' helpers for Defendants' general and electrical contracting business. Defendants paid Plaintiffs and others similarly situated at the regular rate for the hours over forty in a workweek. Defendants refused to pay Plaintiffs and others similarly situated for certain hours they worked at either their

regular or overtime wage rate. Defendants also made unlawful deductions from some Plaintiffs' wages.

## PARTIES, JURISDICTION AND VENUE

4.      Plaintiffs Warias and Sokolowski at all relevant times herein, were and are residents of the State of New York, Queens County.

5.      Plaintiff Ligezka, at all relevant times herein, was and is a resident of the State of New Jersey, Hudson County.

6.      Plaintiffs Pina, Morocho, Quintuna, and Siguencia, at all relevant times herein, were and are residents of the State of New York, Kings County.

7.      At all relevant times, Corporate Defendant Mikoma Construction was and is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and having its principal place of business at 174 Targee Street, Staten Island, NY 10304.

8.      At all relevant times, Corporate Defendant Mikoma Electric was and is a domestic business corporation duly organized under, and existing by virtue of, the laws of the State of New York, and having its principal place of business at 174 Targee Street, Staten Island, NY 10304.

9.      At all relevant times, Corporate Defendant Mikoma LLP was and is a foreign business corporation authorized to do business in the State of New York and duly organized under, and existing by virtue of, the laws of the State of Pennsylvania, and having its principal place of business at 43-10 23rd Street, Long Island City, NY 11101.

10.      At all relevant times, Individual Defendant Okla was and is a resident of the State of New York, Richmond County.

11.     At all relevant times, Individual Defendant Koszalka was and is a resident of the State of New York, Richmond County.

12.     The Individual Defendants are the officers, directors, managers and/or majority shareholders or owners of the Corporate Defendants and as some of the ten largest shareholders are individually responsible for unpaid wages under the New York Business Corporation Law.

13.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in that this action arises under the FLSA.  This Court has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367 in that they are so related to claims in the action within the court's original jurisdiction that they form part of the same case or controversy.

14.     Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce in that they use goods and materials that have been manufactured or produced outside of New York, and Defendants are thus employers subject to the jurisdiction of the FLSA.

15.     This Court has personal jurisdiction over Corporate Defendants because Mikoma Construction and Mikoma Electric are each incorporated in the State of New York and each its principal place of business therein and because Mikoma LLP is subject to this Court's personal jurisdiction pursuant to CPLR 302(a), New York's long arm statute.

16.     This Court has personal jurisdiction over Individual Defendants in that they are each a citizen and resident of New York.

17.     Venue is proper pursuant to 28 U.S.C. § 1391(b), because substantial events giving rise to Plaintiff's claims occurred in this district, and one or more Defendants reside therein.

4

## JURY DEMAND

18.       Plaintiffs and others similarly situated demand a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

19.       The Corporate Defendants are corporations engaged in provision of goods and services relating to electrical installations, construction, and the like.

20.       The Individual Defendants are officers, shareholders, managers and/or majority owners of the Corporate Defendants.

21.       On or about August 1, 2014, Plaintiff Warias entered into an oral agreement with Defendants whereby he agreed to work for Defendants as an electrician's helper in exchange for an hourly wage of $14 per hour. Warias worked for Defendants during two periods: (1) from August 1, 2014 to January 30, 2015, and (2) from October 1, 2015 to July 30, 2017.

22.       On or about November 1, 2014, Plaintiff Sokolowski entered into an oral agreement with Defendants whereby he agreed to work for Defendants as an electrician's helper in exchange for an hourly wage of $14 per hour. Sokolowski worked for Defendants until approximately the end of June 2019.

23.       In or about April 2015, Plaintiff Ligezka entered into an oral agreement with Defendants whereby he agreed to work for Defendants as a foreman in exchange for an hourly wage of $20 per hour. Ligezka worked for Defendants until approximately August 2018.

24.       In or about May 4, 2019, Plaintiff Morocho entered into an oral agreement with Defendants whereby he agreed to work for Defendants as an electrician's helper for Defendants' business in exchange for an hourly wage of $15 per hour. Morocho worked for Defendants until approximately October 28, 2020.

5

25.     On or about April 15, 2019, Plaintiff Quintuna entered into an oral agreement with Defendants whereby he agreed to work for Defendants as an electrician's helper in exchange for an hourly wage of $17 per hour. Quintuna worked for Defendants until approximately October 29, 2020.

26.     On or about April 15, 2019, Plaintiff Siguencia entered into an oral agreement with Defendants whereby he agreed to work for Defendants as an electrician's helper in exchange for an hourly wage of $15 per hour. Siguencia worked for Defendants until approximately September 9, 2020.

27.     On or about June 16, 2018, Plaintiff Pina entered into an oral agreement with Defendants whereby he agreed to work for Defendants as an electrician's helper in exchange for an hourly wage of $18 per hour. Pina worked for Defendants until approximately September 9, 2020.

28.     At all relevant times, Defendants compensated Plaintiffs and others similarly situated weekly, by a combination of a check and cash or entirely by cash.

29.     During the six (6) years immediately preceding the initiation of this action, the Defendants compensated Plaintiffs as follows:

> (1) Plaintiff Warias
>
>> i.     From August 1, 2014 to January 30, 2015, Warias was compensated at a wage rate of $14.00 per hour;
>>
>> ii.    From October 1, 2015 through the end of his employment for Defendants on July 30, 2017, Warias was compensated at a wage rate of $16.00 per hour.
>
> (2) Plaintiff Sokolowski

i.    From November 1, 2014, through June 2016, Sokolowski was compensated at a wage rate of $14.00 per hour;

ii.    From July 2017 through September 2016, Sokolowski was compensated at a wage rate of $16.00 per hour;

iii.    From October 2016 to mid July 2017, Sokolowski was compensated at a wage rate of $18.00 per hour;

iv.    From mid-July 2017 through October 2017, Sokolowski was compensated at a wage rate of $19.00 per hour;

v.    From November 2017 through February 2018, Sokolowski was compensated at a wage rate of $20.00 per hour;

vi.    From March 2018 through July 2018, Sokolowski was compensated at a wage rate of $21.00 per hour;

vii.    From August 2018 until the end of June 2019, when Sokolwoski stopped working for Defendants, Sokolowski was compensated at a wage rate of $25.00 per hour.

(3) Plaintiff Ligezka

i.    From April 2015 through May 2015, Ligezka was compensated at a wage rate of $20.00 per hour;

ii.    From June 2015 through August 2015, Ligezka was compensated at a wage rate of $25.00 per hour;

iii.    From September 2015 through June 2016, Ligezka was compensated at a wage rate of $27.00 per hour;

iv. From July 2016 until August 30, 2018, the last day of his employment, Ligezka was compensated at a wage rate of $28.00 per hour.

(4) Plaintiff Pina

i. From approximately June 16, 2018, Plaintiff Pina through July 2018 Pina was compensated at a wage rate of $18 per hour;

ii. From August 2018, Plaintiff Pina through May 2019, Pena was compensated at a wage rate of $20 per hour;

iii. From June 2019 until September 9, 2020, his last day of employment for Defendants, Pina was compensated at a wage rate of $28 per hour.

(5) Plaintiff Morocho

i. From May 4, 2019 through July 2019, Morocho was compensated at a wage rate of $15 per hour;

ii. From August 2019 through January 2020, Morocho was compensated at a wage rate of $17 per hour;

iii. From February 2020 until October 28, 2020, the last day of his employment, Morocho was compensated at a wage rate of $17 per hour.

(6) Plaintiff Quintuna

i. From April 15, 2019 through approximately mid-October, 2019, Quintuna was compensated at a wage rate of $17 per hour;

8

    ii.    From approximately mid- October 2019, through mid-June 2020, Quintuna was compensated at a wage rate of $18 per hour;

    iii.    From approximately mid-June 2020 until October 24, 2020, the last day of his employment, Quintuna was compensated at a wage rate of $20 per hour.

(7) <u>Plaintiff Siguencia</u>

    i.    From September 9, 2019 through January 2020, Siguencia was compensated at a wage rate of $15 per hour;

    ii.    From February 2020 until approximately September 9, 2020, the last day of her employment for Defendants, Siguencia was compensated at a wage rate of $16 per hour.

***Facts Relating to Defendants' Violations of Labor Laws***

30.    The nature of the work duties of the Plaintiffs indicates that Plaintiffs and others similarly situated were not exempt from the wage and overtime requirements of the FLSA and NYLL.

31.    From the inception of their respective employment periods until various dates between, Plaintiffs and others similarly situated regularly worked for Defendants in excess of forty (40) hours in a workweek but were not compensated at the premium time and a half rate for the hours they worked over forty (40).

32.    Despite working well in excess of forty (40) hours per week, Plaintiffs and others similarly situated were compensated at a straight rate, without any adjustment of their respective regular wage rates for the statutorily mandated overtime premium.

33.     Moreover, Plaintiffs and others similarly situated were not paid for all of the hours they worked.

34.     Because of Defendants' unlawful practice of not paying overtime rates for hours over forty and not paying for all hours worked at all, Plaintiffs sustained the following damages for unpaid wages and unpaid overtime:

a.  Plaintiff Siguencia estimates that she was underpaid a minimum of $2,964.00.

b.  Plaintiff Pina estimates that he was underpaid a minimum of $40,370.00.

c.  Plaintiff Warias estimates that he was underpaid a minimum of $10,030.00.

d.  Plaintiff Sokolowski estimates that he was underpaid a minimum of $55,330.00.

e.  Plaintiff Ligezka estimates that he was underpaid a minimum $80,503.50.

f.  Plaintiff Morocho estimates that he was underpaid a minimum of $14,690.00.

g.  Plaintiff Quintuna estimates that he was underpaid a minimum of $15,820.00.

35.     Defendants also violated the wage notice and wage statement provisions of NYLL §§ 195.1 and 195.3

36.     NYLL § 195.1 requires employers to provide employees at the time of hiring and at any time the pay rate changes with a notice containing, among others, the employee's rate of pay and its basis; allowances claimed as part of the minimum wage, including tip allowances, and any applicable overtime rate of pay.

37.     Further, NYLL § 195.3 requires employers to furnish their employees with accurate wage statements listing, among others, the dates of work covered by that payment of wages; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

10

38.      Defendants never provided Plaintiffs and others similarly situated with any written notice relating to the conditions of their pay at the time of hiring or at any time their rate of pay changed.

39.      Defendants likewise never provided Plaintiffs and others similarly situated with wage statements accurately reflecting their hours worked or the rate of pay.

40.      Last but not least, Defendants violated Section 193(1) of the NYLL governing unlawful deductions from employee wages.

41.      NYLL § 193(1) provides that an employer may not deduct amounts from an employee's wages unless those deductions are either "made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency," or "expressly authorized in writing by the employee and are for the benefit of the employee."

42.      In violation of NYLL § 193, Defendants failed to some Plaintiffs costs associated with ferrying co-workers to various locations. Thus, Defendants refused to pay Plaintiffs for gas, parking and speeding tickets, penalties and E-Z Pass costs.

### Defendants' Failure to Pay Proper Wages Was Willful

43.      Defendants as employers have certain statutory obligations towards their employees, including paying employees for all of the hours they worked, paying the overtime premium of one-and-a-half times their regular rate for each hour worked in excess of forty (40) per week, and making, keeping, and preserving proper payroll records.

44.      Defendants were aware of their requirement to pay Plaintiffs and others similarly situated for each hour worked, and to pay the overtime premium of one-and-a-half times their regular rate for each hour worked in excess of forty (40) per week.

45.     This is why when Plaintiffs worked overtime, Defendants paid Plaintiffs for some, but not all, overtime, by separate checks from the Defendant corporations for the same week, so as to avoid paying for some overtime that they decided to pay Plaintiffs.

46.     Moreover, to further avoid their obligations as employers, Defendants made Plaintiffs to sign bogus "independent contractor" agreements wherein they claimed that Plaintiffs were self-employed, even though Plaintiffs were in fact employees within the meaning of the FLSA and NYLL.

47.     Defendants did not compensate Plaintiffs and others similarly situated for all hours worked and never compensated Plaintiffs at the premium overtime rate for the hours they worked in excess of forty (40) per week in violation of the FLSA and NYLL.

48.     Defendants further willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain proper payroll records and by paying workers in cash.

49.     As a result, the various violations of the law alleged herein were committed intentionally and willfully by Defendants.

50.     At a minimum, Defendants failed to take the necessary steps to ascertain their duties with respect to the payment of wages to their employees.

***Facts Relating to the Defendants' Status as Joint Employers***

51.     At all relevant times herein, each Corporate Defendants was and is controlled by the Individual Defendants.

52.     At all relevant times herein, the Individual Defendants conducted business as each of the Corporate Defendants.

53.     At all relevant times herein, each Individual Defendant acted for and on behalf of the Corporate Defendants, with the power and authority vested in them as the owners, officers, agents, and/or employees of the Corporate Defendants, and acted in the course and scope of their duty and function as owners, officers, agents, and/or employees of the Corporate Defendants.

54.     At all relevant times herein, the Individual Defendants directly managed, handled, or were otherwise ultimately responsible for, the payroll and/or payroll calculations and signing or issuing checks to Plaintiffs and others similarly situated.

55.     Each Corporate Defendant was an employer of the Plaintiffs and others similarly situated because each Corporate Defendants was benefitted by their work.

56.     The Individual Defendants had control over the conditions of employment of the Plaintiffs and of others similarly situated., including their hiring and firing, work schedule, the rate and method of payment of wages, and the maintenance of their employment records.

57.     At all relevant times herein, the Individual Defendants had operational control over the Corporate Defendants.

58.     As a matter of economic reality, all Defendants are joint employers of the Plaintiffs and others similarly situated, and, as a result, all Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

**Facts Relating to Piercing the Corporate Veil**

59.     Upon information and belief, both Corporate Defendants are wholly owned by the Individual Defendants.

60.     Upon information and belief, in conducting the affairs of the Corporate Defendants, the Individual Defendants failed to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities.

13

61.     Upon information and belief, the Individual Defendants used the assets of the Corporate Defendants as their own and/or otherwise commingled personal assets with the assets of the Corporate Defendants.

62.     As alleged herein, the Individual Defendants used the Corporate Defendants in order to circumvent a statute or statutes or accomplish other wrongful acts or in furtherance of other wrongful or inequitable purposes.

63.     The Corporate Defendants are alter-egos of the Individual Defendants; and, as will be established at trial, for the purpose of the claims made by Plaintiff and others similarly situated, Corporate Defendants have no separate legal existence from the Individual Defendants. Accordingly, the Corporate Defendants and the Individual Defendants, individually and collectively, and jointly and severally, are liable for all claims made herein.

***Corporate Defendants Constitute an Unified Operation***

64.     Upon information and belief, the Individual Defendants set up the Corporate Defendants to circumvent state and federal labor laws with respect to payment of employee wages.

65.     At all relevant times, the Corporate Defendants were operating as a unified operation and each provided mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent with each other.

66.     At all relevant times, the Corporate Defendants were owned, managed, and controlled by Individual Defendants.

67.     At all relevant times, Corporate Defendants have had a common principal place of business: 174 Targee Street, Staten Island, NY 10304.

68.     At all relevant times, Corporate Defendants shared employees, administrative personnel, tools, goods produced for their mutual benefit, and other costs of doing business.

14

69.     As set forth above, Corporate Defendants were alter egos of each other such that they did not have separate existence from each other and must be treated as a single enterprise.

## FLSA COLLECTIVE ACTION ALLEGATIONS

70.     Plaintiffs bring this action on behalf of themselves and all other persons who were

71.     or are employed by Defendants within the past three years as laborers and electricians and other workers with similar duties but did not receive the compensation required by the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq. in respect to their work for Defendants

72.     Upon information and belief, this class of persons consists of not less than fifty (50) persons.

73.     There are questions of law and fact common to the class specifically whether the employment of the Plaintiffs by Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq. and whether all employees suffered from Defendants' policy or plan to violate wage laws. Only the amount of individual damages sustained by each class member will vary.

74.     Plaintiffs and the other employees of Defendants are similarly situated insofar as Defendants instituted a policy not to pay Plaintiffs and their other employees for all regular and overtime hours worked.

75.     Plaintiffs bring the first claim for relief herein on behalf of themselves individually and all persons similarly situated as a collective action pursuant to the FLSA, in respect to all claims that Plaintiffs and all persons similarly situated have against Defendants as a result of their violations under the FLSA and the federal wage orders codified in 29 C.F.R. § 552 et. seq.

## CLASS ALLEGATIONS UNDER FEDERAL RULES OF CIVIL PROCEDURE 23(b)(2) AND 23(b)(3) FOR VIOLATIONS OF NEW YORK LABOR LAW AND WAGE ORDERS

76.     Plaintiffs bring this action on behalf of themselves and all other persons who were or have been employed by Defendants within the past six years as laborers and electricians or other workers with similar duties but did not receive the compensation required by the common law of the State of New York, NYLL, and the state wage orders codified in 12 N.Y.C.R.R. § 142 in respect to their work for Defendants.

77.     Upon information and belief, this class of persons consists of not less than fifty (50) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23 (a)(1).

78.     There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of the Plaintiffs by Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL, the common law of New York and the state wage orders codified in 12 N.Y.C.R.R. § 142 and whether all employees suffered from Defendants' policy or plan to violate wage laws. Only the amount of individual damages sustained by each class member will vary.

79.     The claims of the Plaintiffs are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

80.     The Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

16

81.     In addition, Defendants acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole under Fed. R. Civ. P. 23 (b)(2).

82.     Defendants' violations of the FLSA, NYLL, and regulations promulgated thereunder are continuing and will continue such that a preliminary injunction is appropriate until a hearing on the merits, after which a permanent injunction should be entered.

83.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Fed. R. Civ. P. 23 (b)(3).

84.     Plaintiffs bring the second through seventh claims for relief herein on behalf of themselves individually and all persons similarly situated as a class action pursuant to Federal Rule of Civil Procedure 23, in respect to all claims that Plaintiffs and all persons similarly situated have against Defendants' violations under the NYLL, the common law of the State of New York and the wage order codified in 12 N.Y.C.R.R. § 142.

### FIRST CLAIM FOR RELIEF
**(FLSA – Minimum Wages and Overtime)**
*All Plaintiffs and the Proposed FLSA Collective Against All Defendants*

85.     Plaintiffs and others similarly situated repeat and reallege each and every allegation previously set forth.

86.     Plaintiffs and others similarly situated are persons covered by, and/or intended to benefit from, the provisions of the FLSA with respect to their work for Defendants.

87.     Plaintiffs and others similarly situated bring this claim for relief pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 206 and § 207, and the Wage Orders issued under the FLSA at 29 C.F.R. § 552, under which Plaintiffs and others similarly situated were entitled to

a minimum wage and an overtime hourly wage of time and one-half their regular hourly wage for all hours worked in excess of forty (40) per week.

88.      Pursuant to the FLSA, Plaintiffs and others similarly situated were entitled to certain minimum and overtime wages, which Defendants intentionally and willfully failed to pay in violation of such laws.

89.      Plaintiffs and others similarly situated regularly worked in excess of forty (40) hours per week for Defendants yet did not receive the proper overtime wages to which they were entitled for all hours worked.

90.      Accordingly, Plaintiffs and others similarly situated seek a judgment for unpaid minimum and overtime wages, such sums to be determined based upon an accounting of the hours worked by, and wages actually paid to, Plaintiffs and others similarly situated, along with an award of liquidated damages, interest, attorneys' fees, and costs, as provided for by the FLSA.

### SECOND CLAIM FOR RELIEF
#### (NYLL – Minimum Wages and Overtime)
*All Plaintiffs and the Members of the Proposed Rule 23 Class Against All Defendants*

91.      Plaintiffs and others similarly situated repeat and reallege each and every allegation previously set forth.

92.      Plaintiffs and others similarly situated are persons covered by, and/or intended to benefit from, the provisions of the NYLL with respect to their work for Defendants.

93.      Pursuant to the New York Labor Law Articles 6 and 19, Labor Law § 198 and the relevant Wage Order issued under New York Labor Law at 12 N.Y.C.R.R. § 142, Plaintiffs and others similarly situated were entitled to certain regular and overtime wages, all of which Defendants intentionally and willfully failed to pay in violation of such laws.

94.    Plaintiffs and others similarly situated regularly worked in excess of forty (40) hours per week for Defendants but did not receive the proper wages and overtime wages to which they were entitled for all hours worked.

95.    Wherefore Plaintiffs and others similarly situated seek a judgment against all Defendants for unpaid minimum, regular, and overtime wages which should have been paid, but were not paid, pursuant to the NYLL and the Wage Orders issued thereunder; the total amount of such unpaid wages to be determined at trial upon an accounting of the hours worked by, and wages paid to, Plaintiffs and others similarly situated, along with an award of liquidated damages, attorneys' fees, interest and costs as provided under NYLL § 198 and § 663.

### THIRD CLAIM FOR RELIEF
### (Wage Notice Violation)
*__All Plaintiffs and the Members of the Proposed Rule 23 Class Against All Defendants__*

96.    Plaintiffs and others similarly situated repeat and reallege each and every allegation previously set forth.

97.    NYLL § 195.1 mandates as of January 2011 that each employee employed by Defendants on an annual basis receive for signature a Wage Notice, which had to contain the following wage information: (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, or by salary, piece commission, or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address and mailing address, if different; and (vi) the employer's telephone number.

98.    Plaintiffs never received and never signed the Wage Notice from Defendants and never received any other documents that might show the information required by NYLL § 195.1.

99.        Plaintiffs and others similarly situated seek damages as provided under NYLL § 198 and § 663.

## FOURTH CLAIM FOR RELIEF
### (Wage Statement Violation)
### *All Plaintiffs and the Members of the Proposed Rule 23 Class Against All Defendants*

100.       Plaintiffs and others similarly situated repeat and reallege each and every allegation previously set forth.

101.       Pursuant to NYLL § 195.3 and the Wage Order §142-3.8, employers must provide an accurate wage statement with each payment of wages.  Wage statements must include, among other information, "the dates of work covered by that payment of wages; name of employee; address and phone number of employer; rate or rates of pay and basis thereof" and, where applicable, the overtime rate of pay.

102.       In violation of the NYLL and the regulations promulgated thereunder, Defendants did not furnish Plaintiffs and others similarly situated with wage statements that showed the employee's rate or rates of pay, the number of hours worked, or record the proper pay rate for Plaintiffs' overtime hours.

103.       Plaintiffs and others similarly situated seek damages as provided under NYLL § 198 and § 663.

## FIFTH CLAIM FOR RELIEF
### (Breach of Contract)
### *All Plaintiffs and the Members of the Proposed Rule 23 Class Against All Defendants*

104.       Plaintiffs and others similarly situated repeat and reallege each and every allegation previously set forth.

105.       Plaintiffs and others similarly situated agreed to perform work and services for the Defendants.

106.     Plaintiffs and others similarly situated each had an oral contract to perform work for Defendants, whereby Plaintiffs and others similarly situated would provide services as laborers, electricians, or other employees with similar duties in exchange for compensation.

107.     Plaintiffs and others similarly situated satisfactorily supplied labor and complied with the terms of their employment agreements with Defendants and were therefore entitled to wages they earned while working.

108.     Defendants failed or refused to pay the Plaintiff and others similarly situated the wages to which they were entitled under their respective employment agreement with the Defendants.

109.     Defendants' failure or refusal to pay the Plaintiffs wages to which he was entitled under his employment agreement with the Defendants constituted a breach of the respective employment agreements Plaintiffs and others similarly situated had with Defendants.

110.     That by virtue of the foregoing breach of contract by Defendants, Plaintiffs and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount Plaintiffs and others similarly situated should have been paid as contemplated by their respective employment agreements with Defendants, less amounts actually paid to Plaintiffs and others similarly situated, together with an award of interest, costs, disbursements, and attorneys' fees.

### SIXTH CLAIM FOR RELIEF
**(Quantum Meruit)**
***All Plaintiffs and the Members of the Proposed Rule 23 Class Against All Defendants***

111.     Plaintiffs and others similarly situated repeat and reallege each and every allegation previously set forth.

112.     Plaintiffs and others similarly situated performed work and services laborers, electricians, or other employees with similar duties.

113.     Defendants, by employing Plaintiffs and all others similarly situated, voluntarily accepted the labor and services of Plaintiffs and others similarly situated.

114.     Plaintiffs and others similarly situated had a reasonable expectation of payment for the hours they worked for Defendants, but Defendants failed to properly remunerate Plaintiffs for their labor and services.

115.     Plaintiffs and others similarly situated were entitled to payment for the hours they worked for Defendants at a rate which constitutes the reasonable value of their services, which is the minimum wage per hour worked and premium overtime rate of 1.5 times the minimum wage for all hours worked in excess of forty (40) per week less amounts actually paid to Plaintiffs and others similarly situated, together with an award of interest, costs, disbursements, and attorneys' fees.

### SEVENTH CLAIM FOR RELIEF
**(Unlawful Deductions under NYLL § 193 Against All Defendants)**
*Plaintiffs and the Members of the Proposed Rule 23 Class Against All Defendants*

116.     Plaintiffs and others similarly situated repeat and reallege each and every allegation previously set forth.

117.     Under NYLL § 193, "[n]o employer shall make any deduction from the wages of an employee, except deductions which . . . are expressly authorized in writing by the employee and are for the benefit of the employee."

118.     Defendants repeatedly made unlawful and improper deductions from Plaintiffs' wages in violation of Section 193.

119.     Plaintiffs did not agree in writing to any of these deductions.

22

120.     None of these deductions were made for the benefit of Plaintiffs.

121.     As a result of the foregoing, Plaintiffs have been damaged, and seek a judgment in an amount to be determined at trial, together with attorneys' fees, interests, and costs, as provided under the NYLL.

WHEREFORE, it is respectfully requested that the Court assume jurisdiction herein and thereafter Plaintiffs and others similarly situated demand a trial by jury and judgment against all Defendants as follows:

a.  Economic damages;

b.  Liquidated damages under the FLSA and NYLL;

c.  Statutory damages under the NYLL Section 195;

d.  Pre-judgment interest; and

e.  Plaintiffs' costs and reasonable attorneys' fees;

Together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        August 25, 2022

                              ROBERT WISNIEWSKI P.C.

                    By: /s/ Robert Wisniewski
                        Robert Wisniewski, Esq.
                        *Attorneys for Plaintiffs*
                        17 State Street, Suite 820
                        New York, NY  10004
                        Tel.: (212) 267-2101